UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNDEEP KHETANI, | :  |
| Plaintiff, | : Civil Action No. 23-534 (GC)(JTQ) |
| v. | : **MEMORANDUM OPINION** <br> : **AND ORDER** |
| PLAINSBORO TOWNSHIP, *et al.*, | : |
| Defendants. | : |

This matter comes before the Court on Plaintiff's motion for leave to file a Second Amended Complaint. With this amendment, plaintiff, Sundeep Khetani ("Plaintiff"), seeks to make a series of revisions to the facts, parties, and legal theories of his current pleading. Defendants Plainsboro Township, Guy Armour, Fred Tavener, Jospeh Jankowski, William Atkinson, Daniel LaRocca, Kenneth S. Beatty, and Patrick Miller (collectively, "Defendants") consent to some but not all of Plaintiff's proposed amendments. The Court has fully reviewed the Parties' submissions and considers the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons below, Plaintiff's motion is DENIED.

## I.   BACKGROUND

Plaintiff contends he was improperly arrested and prosecuted after being misidentified as a "swarthy male" who allegedly physically assaulted Sarah Khalid in the parking lot in front of Forrestal Fitness in Plainsboro Township. ECF No. 32 ¶11. In connection with this incident, Plaintiff was arrested and charged with

burglary, assault, and harassment. ECF No. 34 (Defendants' Opposition Brief, "Opp. Br."), Exs. A-B. Shortly thereafter, on September 29, 2017, the Middlesex County Superior Court found probable cause for Plaintiff's pretrial detention based upon the violence of the pending charges, "prior indictable conviction," and "prior failure to appear." *Id*. Ex. C. Plaintiff was later indicted by a Grand Jury in Middlesex County for second-degree burglary and third-degree endangering the welfare of a child. *Id*., Ex. D.

On January 25, 2019, Plaintiff was found guilty on the two non-indictable offenses of simple assault and harassment by the Honorable Dennis V. Nieves, J.S.C., following a jury verdict of not guilty on January 16, 2019, for second-degree burglary and third-degree endangering the welfare of a child. *Id.,* Ex. E. On March 27, 2019, Plaintiff filed a notice of appeal, which successfully reversed the two convictions. *State v. Khetani*, No. A-3158-18, 2021 WL 563259, at *1 (App. Div. Feb. 16, 2021). And the charges for simple assault and harassment subsequently were dismissed. Opp. Br. at 8. Plaintiff filed Notices of Claims for Damages Against the State of New Jersey on April 12, 2019, and March 8, 2021. Opp. Br., Exs. G, I.

In his instant application, Plaintiff seeks to withdraw certain claims that he concedes are time barred, remove a voluntarily dismissed defendant from the caption, reorganize facts, name two new defendants, and add two new causes of action. Defendants have consented to Plaintiff filing a Second Amended Complaint that: (1) names Plainsboro Township and Guy Armour in the caption and includes allegations against Fred Tavener in the body of the Complaint; (2) removes Plainsboro Police Department as a defendant; (3) eliminates claims of wrongful seizure, equal

protection, excessive force, and *Monell* liability (with facts pertaining to *Monell* liability still in the statement of facts); and (4) includes one cause of action for malicious prosecution under Section 1983 and one for civil conspiracy under Section 1983. Opp. Br. at 4.

While Plaintiff contends that all proposed revisions have been consented to except for the new theory of fabrication of evidence, Defendants disagree, claiming they did not consent to the new cause of action for common law malicious prosecution. Mov. Br .at 2; Opp. Br. at 5. Accordingly, the Court reviews both proposed additional causes of action.

II. **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 15, once a party's time to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the Third Circuit, "courts have 'consistently adopted a liberal approach to the allowance of amendments.'" *Elfar v. Twp. of Holmdel*, 2023 WL 4764776, at *3 (D.N.J. July 26, 2023) (quoting *DLJ Mortg. Capital, Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020)). Accordingly, leave to amend is freely given "unless denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of

amendment." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (internal quotation marks omitted).

### III. THE PARTIES' POSITIONS

The Parties unsurprisingly have differing views not just on the bases of the amendments but also on their purpose.

Plaintiff, for his part, characterizes the nature of his proposed amendments simply as "cleaning up [his] pleading." Mov. Br. at 2. Plaintiff relies exclusively on Rule 15's "lenient standard" and a series of conclusory statements to support his argument that the proposed amendment should be permitted because "justice requires it" and Defendants will suffer "no arguable prejudice." *Id*. Plaintiff also posits that "[t]here is not even a scintilla of evidence suggesting delay, bad faith, dilatory motive, or futility of amend [sic]." *Id*. at 4.

Defendants see things differently and argue that there are multiple reasons the motion should be denied. Specifically, Defendants contend that the proposed amendments would be futile, as Plaintiff's new counts for common law malicious prosecution and fabrication of evidence are legally defective. Opp. Br. at 7. Defendants also claim that the amendments must be denied based on undue delay, since Plaintiff has offered no explanation for why he waited years to add these claims. *Id*. at 8-9.

### IV. ANALYSIS

Even under Rule 15's liberal standard, the Court concludes that Plaintiff's motion must be denied based on futility insofar as Plaintiff's proposed counts for

4

common law malicious prosecution and fabrication of evidence are futile, and undue delay given Plaintiff's failure to timely pursue these claims.

### A. Futility

Leave to amend may be denied where such amendment would be "futile, frivolous, or a waste of time," namely, "where the amendments would not withstand a motion to dismiss or, in other words, where the amendments fail to state a cause of action upon which relief could be granted." *Advanced Rehab., LLC v. Unitedhealth Grp., Inc.*, 2011 WL 5196258, at *2 (D.N.J. Oct. 31, 2011), *aff'd sub nom. Advanced Rehab., LLC v. UnitedHealthgroup, Inc.*, 498 F. App'x 173 (3d Cir. 2012). Accordingly, courts typically evaluate whether proposed amendments "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Amey v. Simon Konover Co.*, 2019 WL 13213054, at *2 (D.N.J. Aug. 6, 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, while "tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims." *Vitaworks IP, LLC v. Qianjiang Yongan Pharm. Co.*, 2018 WL 10152229, at *2 (D.N.J. Nov. 5, 2018).

#### i. Common Law Malicious Prosecution

As an initial matter, Defendants correctly point out that a count for common law malicious prosecution was not alleged against them in the First Amended Complaint. ECF No. 9. Rather, the Amended Complaint contained only a Section

1983 malicious prosecution cause of action. *Id.* ¶¶ 52-57.[1] And not only was this cause of action not pled, but Plaintiff did not provide Defendants with proper notice as required by New Jersey's Tort Claims Act (the "Act").

Under the Act, "no action shall be brought against a public entity or public employee [ ] unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter. N.J.S.A. § 59:8-3. Specifically, the Act requires that "[a] claim relating to a cause of action for death or for injury or damage to person or to property shall be presented [ ] not later than the 90th day after accrual of the cause of action." N.J.S.A. § 59:8-8. Furthermore, following a claimant's failure to provide timely notice, he may be permitted to correct this error and provide notice within one year of the accrual of the claim. N.J.S.A. 59:8-9.

Here, Plaintiff confirms his understanding that the causes of action for malicious prosecution and fabrication of evidence accrued "when the plaintiff was exonerated." Mov. Br. at 3. Defendants represent that all of Plaintiff's criminal charges were dismissed as of February 14, 2022. Opp. Br. at 8. As such, notice of Plaintiff's common law malicious prosecution claim was to be provided to the Defendants by May 15, 2022. Yet, Plaintiff failed to provide such notice. Further, Plaintiff could have sought an additional year to correct the notice that was provided to Defendants to include the common law malicious prosecution claim by February

---

[1] In fact, Plaintiff seems to have copied and pasted the common law malicious prosecution allegations from the previously pled Section 1983 cause of action, improperly alleging that the common law cause of action is "cognizable to this Court through Section 1983 of the United States Code…" ECF No. 32 ¶76.

14, 2023. But Plaintiff did not do so. Indeed, Plaintiff did not provide Defendants with any indication that new claims would be pursued until now. Accordingly, Plaintiff's common law malicious prosecution cause of action is procedurally improper and thus fails for this reason alone.

In addition to being procedurally improper, Plaintiff's cause of action for common law malicious prosecution is substantively flawed. Under New Jersey law, a plaintiff pursuing a malicious prosecution claim must show "(1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff." *Frost v. Cnty. of Monmouth,* 2018 WL 1469055, at *9 (D.N.J. Mar. 26, 2018). Plaintiff correctly identifies the necessary elements of a malicious prosecution claim in his proposed Second Amended Complaint, but none of the facts alleged demonstrate either a lack of probable cause or malice by Defendants. ECF No. 32 ¶77.

Plaintiff's allegations seemingly demonstrate the opposite. To be sure, the pleadings are replete with facts showing the numerous ways in which the requisite probable cause was established over the course of his criminal case. This dooms Plaintiff's claim.

"New Jersey courts define probable cause as facts such as to lead a person of ordinary prudence to believe on reasonable grounds the truth of the charge at the time it was made." *Stolinski v. Pennypacker*, 772 F. Supp. 2d 626, 638 (D.N.J. 2011). Particularly relevant here, "[i]n a malicious-prosecution suit, a grand jury indictment

7

. . . constitutes prima facie evidence of probable cause." *Costino v. Anderson*, 786 F. App'x 344, 347 (3d Cir. 2019) (internal quotation marks omitted); *Frost*, 2018 WL 1469055, at *9 (finding a grand jury indictment creates prima facie evidence of probable cause "that can be rebutted only by evidence that the presentment was procured by fraud, perjury or other corrupt means"). Further, "a failure to investigate potentially relevant facts is irrelevant to the determination of whether the facts then in possession of investigators were a sufficient basis for probable cause." *Stolinski*, 772 F. Supp. 2d at 638. Importantly, "[t]he element of malice may be inferred from lack of probable cause." *Morales v. Busbee*, 972 F. Supp. 254, 261 (D.N.J. 1997).

Here, Defendants correctly assert that not only did Officer Patrick Miller find probable cause as detailed in his Affidavit, but thereafter, an Assistant Prosecutor found probable cause when bringing Plaintiff's initial charges. *See* Opp. Br., at 7; *id.*, Ex. A. The Honorable Edward Herman, J.M.C. then confirmed this finding in issuing a warrant. *Id.* Myriad other facts support a finding of probable cause. For example, the Honorable Michael A. Toto, J.S.C. found probable cause sufficient to issue a Pretrial Detention Order. *Id.*, Ex. C. And, in July 2017, Plaintiff was indicted by a Grand Jury on one count of burglary and one count of endangering the welfare of a child, which alone creates prima facie evidence of probable cause. *See Costino*, 786 F. App'x at 347; *Frost*, 2018 WL 1469055, at *9.

Plaintiff's motion does not even address the proposed inclusion of a cause of action for common law malicious prosecution, let alone rebut that probable cause was established in the criminal action. Plaintiff likewise has not identified a single act of

8

malice on the part of the Defendants. The absence of such plausible allegations renders Plaintiff's proposed malicious prosecution claim futile.

Accordingly, Plaintiff's motion to include this cause of action is denied.

### ii. Fabrication of Evidence

Plaintiff's proposed cause of action for fabrication of evidence suffers a similar fate. As a preliminary matter, the proposed claim fails on procedural grounds for lack of notice, since in this case, Plaintiff did not provide Defendants with the requisite 90-day notice. N.J.S.A. § 59:8-8. Nor did Plaintiff make any effort to amend the notice to include the proposed cause of action for fabrication of evidence at any point in the year following the claim's accrual date of February 14, 2022. N.J.S.A. § 59:8-9. This procedural defect renders the proposed claim futile.

And even assuming *arguendo* the claim was not procedurally flawed, the Court would still reject the proposed count because it would fail as a matter of substantive law. While the Third Circuit has rejected "the contention that there cannot be a stand-alone Fourteenth Amendment claim predicated on the fabrication of evidence," *Halsey v. Pfeiffer*, 750 F.3d 273, 292 (3d Cir. 2014), "the standard required to demonstrate that evidence is fabricated is a 'notable bar.'" *Boseman v. Upper Providence Twp.*, 680 F. App'x 65, 70 (3d Cir. 2017) (quoting *Halsey*, 750 F.3d at 295). For instance, "testimony that is incorrect or simply disputed should not be treated as fabricated merely because it turns out to have been wrong." *Boseman*, 680 F. App'x at 70. Moreover, it must be demonstrated that the proponents of the evidence alleged to be fabricated "are aware that evidence is incorrect or that the evidence is offered in bad faith." *Id*.

Plaintiff's allegations do not meet this "notable bar." Rather, they amount to nothing more than conclusory assertions that the "Defendant police officers fabricated information by issuing a false certification in support of the Warrant for Arrest" and "[t]his false certification resulted in the issuance of a Complaint Warrant with Plaintiff's immediate arrest rather than a Summons and Complain[sic]." ECF No. 32 ¶¶ 79-80. Plaintiff's allegations do not suffice, nor do they come anywhere near the level of specificity required by the Third Circuit's holding in *Halsey*. At most, Plaintiff's blanket denial of the criminal allegations that were brought against him is simply disputed testimony that "should not be treated as fabricated." *Boseman*, 680 F. App'x at 70. Accordingly, Plaintiff's proposed cause of action for fabrication of evidence is insufficiently alleged, rendering such amendment futile.

### B. Undue Delay

In addition to being futile, Plaintiff's motion for leave to file a Second Amended Complaint is denied for undue delay. "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.1984)). Thus, the review of the question of undue delay focuses on "the movant's reasons for not amending sooner" balanced "against the burden of delay on the District Court." *Id*. Though there is no period in which delay becomes "undue," "[c]ourts in this circuit have denied motions to amend based solely on undue delay when a long delay was unexplained." *Arthur v. Maersk, Inc.*, 434 F.3d

10

196, 205 (3d Cir. 2006); *Bonds v. NJ Judiciary Admin. of the Ct.*, 2024 WL 2091119, at *7 (D.N.J. May 9, 2024).

Here, the alleged criminal incident took place on September 22, 2017. ECF No. 32 ¶11. Half of Plaintiff's criminal charges were dismissed on January 25, 2019, and the other half on February 14, 2022. Opp. Br., Ex. E; *id.* at 8. Yet, Plaintiff provides no explanation for why the proposed new cause of action is only being raised now, nearly seven years after the incident occurred and over two years after Plaintiff was fully exonerated. Instead, Plaintiff confusingly asserts that he has "moved with alacrity to amend the complaint doing so at the very beginning of the lawsuit." Mov. Br. at 4. While that very well may be Plaintiff's position, the well-documented history here does not appear to support it. Nor can the Court overlook the unexplained, years-long passage of time, particularly given the prejudice Defendants certainly would endure if the Court were to permit the addition of these two new causes of action at this late juncture. Accordingly,

**IT IS** on this 19th day of August 2024,

**ORDERED** that Plaintiff's motion for leave to amend the Complaint [ECF No. 30] is DENIED; and it is further

**ORDERED** that the Clerk is directed to terminate ECF No. 30.

JUSTIN T. QUINN
United States Magistrate Judge