UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNDEEP KHETANI, | : |
| Plaintiff, | : Civil Action No. 23-534 (GC)(JTQ) |
| v. | : **MEMORANDUM OPINION** |
| | : **AND ORDER** |
| PLAINSBORO TOWNSHIP, *et al.*, | : |
| Defendants. | : |

Plaintiff seeks reconsideration of this Court's August 19, 2024 Order, in which the Court denied Plaintiffs' motion for leave to file a Second Amended Complaint ("August 19 Order"). The Court has carefully considered the submissions of the parties and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons below, the motion for reconsideration is denied.

## I. BACKGROUND

This matter arises out of what Plaintiff Sundeep Khetani ("Plaintiff") claims was an improper arrest and prosecution in connection with an alleged physical assault. Plaintiff filed a motion seeking leave to amend his complaint to withdraw certain claims as time barred, amend the caption, reorganize facts, and add new parties and causes of action. ECF No. 30-1. On August 19, 2024, the Court denied the motion for both futility and undue delay. ECF No. 36.

In seeking reconsideration of the Court's decision, Plaintiff uses his brief to reargue why he should be permitted to amend the complaint. He says the Court was "wrong" to deny his motion to amend, claiming the proposed new causes of action were adequately pled and would cause no prejudice to defendants Plainsboro Township, Guy Armour, Fred Tavener, Joseph Jankowski, William Atkinson, Daniel LaRocca, Kenneth S. Beatty, and Patrick Miller (collectively, "Defendants"). ECF No. 37-1 (Moving Brief, "Mov. Br.") at 3-5, 7-12.[1] Plaintiff also claims that the Court applied the wrong standard in denying his motion. *Id.* at 6-7. In opposition, Defendants assert that Plaintiff fails to meet the grounds for reconsideration under Local Civil Rule 7.1. ECF No. 38. Plaintiff filed a subsequent letter "reiterat[ing] his request for in person oral argument" and asserting "[i]f this Reconsideration Motion is not granted, Mr. Khetani's case will be essentially eviscerated …" ECF No. 39.

## II.  LEGAL STANDARD

Local Civil Rule 7.1(i) governs motions for reconsideration and requires the moving party to "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]"  L. Civ. R. 7.1(i). The burden on the moving party is quite high and reconsideration is granted very sparingly.  To prevail on such a motion, the movant must demonstrate either: "(1) an intervening change in the controlling law; (2) the availability of new evidence…; or

---

[1] The pages cited herein are those provided by PACER.

(3) the need to correct a clear error of law or prevent manifest injustice." *Reardon v. Zonies*, 730 F. App'x 129, 132 (3d Cir. 2018).[2]

Notably, a motion seeking reconsideration may not be used by a party to "restate arguments that the court has already considered." *Lawrence v. Emigrant Mortg. Co.*, 2012 WL 5199228, *2 (D.N.J. Oct. 18, 2012). Nor may such a motion be used "to relitigate old matters, [ ] or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). In other words, "[a] motion for reconsideration [ ] does not entitle a party to a second bite at the apple." *Ippolito v. Carpenito*, 2020 WL 1847671, at *1 (D.N.J. Apr. 13, 2020). Further, where a party merely has a difference of opinion with the court's decision, the issue should be raised through the normal appellate process; reconsideration is not the appropriate vehicle. *See Dubler v. Hangsterfer's Labs.*, 2012 WL 1332569, *2 (D.N.J. Apr. 17, 2012).

### III.  ANALYSIS

The Court finds the motion to be little more than an attempt to reargue the issues previously before the Court. Plaintiff cites the incorrect standard and presents his arguments as though a motion for reconsideration may be granted where he believes the Court made a mistake. *See* Mov. Br. at 2 (quoting Federal Rule 60(b), which permits relieving a party from a "final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect …"). But that is not the law,

---

[2] In his briefing, Plaintiff erroneously omits Rule 7.1's requirements and instead quotes Federal Rule of Civil Procedure 60(b), which is inapplicable here as there is no "final judgment, order, or proceeding" for Plaintiff to be "relieve[d]" from.

and Plaintiff does not even try to show that the Court's decision should be reviewed based on "an intervening change in controlling law … the availability of new evidence [ ] or … the need to correct [a] clear error of law or prevent manifest injustice." *Reardon*, 730 F. App'x at 132. As such, Plaintiff's arguments in support of what he continues to claim are meritorious causes of action (Mov. Br. at 2-5, 7-13) need not be considered as they have already been fully reviewed by this Court. ECF No. 36.

Moreover, Plaintiff's argument that the Court applied a summary judgment standard in deciding the motion to file a Second Amended Complaint is simply false. Mov. Br. at 6-7. In presenting this argument, Plaintiff refers to a case cited in this Court's August 19 Order, *Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014), which the Court relied on, *not* for the legal standard but, to say that a fabrication of evidence cause of action can be pled on its own – a decision *favorable* to Plaintiff's position. Despite Plaintiff's confusion, the legal standard that the Court applied in reviewing the motion to amend is plainly set forth in the opinion—and need be discussed no further here.

In short, Plaintiffs have failed to advance any new arguments that convince this Court that reconsideration is warranted. At its core, the instant motion is a "second bite at the apple," which is improper. *Ippolito*, 2020 WL 1847671 at *1; *see also United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994) ("The purpose of the [reconsideration] rule ... is… to prevent parties from filing a second motion, with the hindsight provided by the court's analysis, covering issues that should have been

4

raised in the first set of motions."). The Court's prior decision neither overlooked any fact nor misunderstood the record. Plaintiffs do not contend otherwise.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff has failed to meet the necessary burden on a motion for reconsideration. Accordingly,

IT IS on this 8th day of October 2024,

**ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 37) is **DENIED**; and it is further

ORDERED that the Clerk is directed to terminate ECF No. 37.

_____
JUSTIN T. QUINN
UNITED STATES MAGISTRATE JUDGE